**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS CASTILLO-ROSAS, | No. 20-71581 |
| Petitioner, | Agency No. A074-334-326 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 1, 2021**
Pasadena, California

Before: IKUTA, BENNETT, and R. NELSON, Circuit Judges.

Luis Castillo-Rosas, a native and citizen of Mexico, seeks review of a

decision of the Board of Immigration Appeals (BIA) affirming the decision of an

Immigration Judge (IJ) to deny his application for withholding of removal and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

Substantial evidence supports the agency's denial of Castillo's claim for withholding of removal because Castillo failed to show that it is more likely than not that he would be persecuted on return to Mexico. *See* 8 C.F.R. § 1208.16(b)(1)(i). The 1997 kidnaping by the Zetas did not rise to the level of past persecution because Castillo was merely threatened and not harmed. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir. 2003). The record does not compel the conclusion that it is more likely than not that Castillo would face future persecution in Mexico because he received threats over 20 years ago and "[t]here is no reason in the record to warrant a belief that [his] alleged persecutors would still be interested in [him]." *Lanza v. Ashcroft*, 389 F.3d 917, 934–35 (9th Cir. 2004). We lack jurisdiction to consider Castillo's particular social group claim because he raises it for the first time on appeal. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence also supports the agency's denial of Castillo's CAT claim because the past threats he experienced and the country conditions reports describing generalized violence in Mexico do not compel the conclusion that Castillo is more likely than not to suffer torture if removed to Mexico. *See* 8

2

C.F.R. § 1208.16(c)(2); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029–30 (9th

Cir. 2019).

**PETITION DENIED.**